UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| IT CREATIONS, INC., a California company,<br><br>Plaintiff,<br><br>v.<br><br>IT CREATIONS, INC., a Utah company, and DOE 1 a.k.a. KYLE JACOBS, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 13)**<br><br>Case No. 2:22-cv-00782<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff IT Creations, Inc., ("ITC") filed a Motion for Alternative Service.[1] ITC alleges Defendants IT Creations, Inc. ("ITC Utah"), a corporation, and Kyle Jacobs, an individual, have engaged in corporate identity theft by creating a "clone" corporation which Defendants use to secure credit through false affiliation with ITC.[2] ITC has presented evidence that Mr. Jacobs is the only individual currently identified as an officer, director, or agent for service of process for ITC Utah.[3] ITC seeks leave to serve Defendants by alternative means, namely, by personal delivery to a virtual office and email.[4] Because service by personal delivery and email is reasonably calculated to provide Defendants with actual notice of this action, ITC's motion is granted.

---

[1] (Mot., Doc. No. 13.)

[2] (*Id.* at 1–2.)

[3] (*Id.* at 6, Doc. No. 13; Ex. 2 to Mot., Decl. of Michael S. Adler ("Adler Decl.") ¶ 11, Doc. No. 13-2.)

[4] (Mot. 3, Doc. No. 13.)

1

LEGAL STANDARDS

Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual and provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[5] Rule 4(h) of the Federal Rule of Civil Procedure governs service of a corporation and provides that service may be completed "in the manner prescribed by Rule 4(e)(1) for serving an individual."[6] In this case, where ITC filed its complaint in the District of Utah, Utah law applies.

The Utah Rules of Civil Procedure provide:

> "If the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[7]

Reasonable diligence "does not require a plaintiff to exhaust all possibilities to locate and serve a defendant" but does "require more than perfunctory performance."[8] A motion seeking alternative service must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[9] If the motion is granted, the

---

[5] Fed. R. Civ. P. 4(e)(1).

[6] *Id.* at 4(h)(1)(A).

[7] Utah R. Civ. P. 4(d)(5)(A).

[8] *Commonwealth Prop. Advocates, LLC v. Nat'l City Mortg.*, No. 2:09-cv-1147, 2010 U.S. Dist. LEXIS 10831, at *2 (D. Utah Feb. 8, 2010) (unpublished) (quoting *Jackson Constr. Co., Inc. v. Marrs*, 2004 UT 89, ¶ 18, 100 P.3d 1211, 1217).

[9] Utah R. Civ. P. 4(d)(5)(A).

alternative service must be made "by means reasonably calculated, under all the circumstances, to apprise the named parties of the action."[10]

## DISCUSSION

ITC has made reasonably diligent attempts to serve Defendants. As set forth in the motion and attached exhibits, ITC has attempted to serve Defendants on at least nine different occasions by personal service at the address listed with the Utah Division of Corporations and Commercial Code for both Mr. Jacobs and ITC Utah.[11] ITC presented evidence that this address is a virtual office which exists primarily to receive and forward mail.[12] ITC also presented evidence that Mr. Jacobs visits the virtual office very occasionally to pick up mail.[13] The service processor for ITC left his card with the receptionist at the virtual office, asking Mr. Jacobs to contact him.[14] According to the receptionist, this card was emailed to Mr. Jacobs and physically given to him on the one occasion he visited the virtual office since ITC began its attempts to serve Defendants.[15] The process server asked for Mr. Jacob's contact information so that he might contact Mr. Jacobs directly, but was told the virtual office's policy prohibits distributing the contact information of virtual clients.[16] As of the date ITC filed its motion, Mr. Jacobs had

---

[10] *Id.* at 4(d)(5)(B).

[11] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Decl. of Todd Oram ("Oram Decl.) ¶¶ 3–4, Doc. No. 13-1.)

[12] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶ 5, Doc. No. 13-1.)

[13] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶ 5, Doc. No. 13-1.)

[14] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶ 6, Doc. No. 13-1.)

[15] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶¶ 7–9, Doc. No. 13-1.)

[16] (Ex. 1 to Mot., Oram Decl. ¶ 7, Doc. No. 13-1.)

made no attempt to contact the process server.[17] ITC's counsel and process server believe Defendants are avoiding service.[18] The evidence submitted by ITC provides good cause to believe this is the case.

ITC proposes service by means of (1) personal delivery to the virtual office, and (2) email service to two email addresses—kylej@itcreationsinc.com and kyle@kmfinance.com. Based on the evidence presented, these means of alternative service are reasonably calculated to apprise Defendants of the action.

Personal delivery to the virtual office is reasonably calculated to apprise Defendants of this action where ITC has presented evidence that (1) the virtual office is the address listed with the Utah Division of Corporations and Commercial Code for both Mr. Jacobs and ITC Utah,[19] (2) the virtual office receives, scans, and emails mail or other information to Mr. Jacobs,[20] and (3) the receptionists at the virtual office physically deliver mail or other information to Mr. Jacobs on the rare occasion he stops in.[21]

Service by email to the two email addresses listed above is also reasonably calculated to apprise Defendants of this action. ITC has presented evidence that Defendants used the email address kyle@kmfinance.com to pay a fee to the State of Utah, Division of Corporations and

---

[17] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶¶ 9–10, Doc. No. 13-1.)

[18] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶ 11, Doc. No. 13-1; Ex. 2 to Mot., Adler Decl. ¶ 11, Doc. No. 13-2.)

[19] (Mot. 2, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶¶ 3–4, Doc. No. 13-1.)

[20] (Mot. 4, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶ 7, Doc. No. 13-1; Ex. 2 to Mot., Adler Decl. ¶ 8, Doc. No. 13-2.)

[21] (Mot. 2, 4, Doc. No. 13; Ex. 1 to Mot., Oram Decl. ¶ 9, Doc. No. 13-1.)

Commercial Code as recently as November 1, 2022.[22]  ITC also presented evidence that Defendants have used the email address kylej@itcreationsinc.com as recently as November 30, 2022, in what ITC alleges are attempts to borrow money as part of their fraudulent scheme.[23]

For the reasons stated above, ITC has made reasonably diligent attempts to serve Defendants and its proposed means of alterative service are reasonably calculated to apprise Defendants of this action.  Accordingly, ITC's motion for alternative service[24] is granted and ITC is ordered to serve Defendants as follows:

1. By emailing the summons, the operative complaint, and a copy of this order to Defendants at kylej@itcreationsinc.com and kyle@kmfinance.com three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Defendants acknowledging receipt of service).  The subject line of each email shall include, "Service of Federal Court Summons and Complaint as Ordered by the Court"; and

2. By personal delivery of the summons, the operative complaint, and a copy of this order to the virtual office, at 50 W. Broadway, Suite 300, Salt Lake City, Utah.

---

[22] (Mot. 5, Doc. No. 13; Ex. 2 to Mot., Adler Decl. ¶¶ 9, 12, Doc. No. 13-2; Ex. 2 to Adler Decl., GOVPAY Receipt, Doc. No. 13-2 at 11–12.)

[23] (Mot. 5, Doc. No. 13; Ex. 2 to Mot., Adler Decl. ¶ 13, Doc. No. 13-2; Ex. 3 to Adler Decl., Email Commc'n between kylej@itcreationsinc.com and Eric Mondragon (November 20, 2022), Doc. No. 13-2 at 14.)

[24] (Doc. No. 13.)

3. Upon completion of these steps service shall be deemed complete. ITC shall file proof of compliance with the court's order by April 3, 2023.

DATED this 8th day of March, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge